IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JEFF FIFE, et al., )
 )
 Petitioners, )
 )
v. ) Case No. CIV-11-133-RAW
 )
PATRICK E. MOORE, et al., )
 )
 Respondents. )

## ORDER

This matter came on for hearing on April 21, 2011 on the petitioners' emergency motion for temporary restraining order and for preliminary injunction[1]. Plaintiffs seek to enjoin criminal trials set to begin in Okmulgee, Oklahoma on April 25, 2011 at 9:00 a.m. The trials are to be held in the District Court of the Muscogee (Creek) Nation (the "tribal court").

Petitioners are individuals who were charged on or about October 29, 2010, with various theft-related crimes in the District Court of the Muscogee (Creek) Nation (the "district court" or the "tribal court"). It is undisputed that the situs of the alleged crimes was fee land, rather than trust land. All petitioners, with the exception of Joseph Domebo, are members of the Muscogee (Creek) Nation (the "Nation"). Petitioners raised legal challenges in the district court, which were denied by the judge in an order entered March 4, 2011

---

[1] *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, §2951 at 254 (2d ed.1995) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.") (footnote omitted).

(Exhibit 10). The petitioners then filed with the tribal appellate court an application for habeas corpus, an appeal, and a motion to stay the trial. The petition for writ of habeas corpus was denied by order entered March 22, 2011 (Exhibit 12). The appellate court has not ruled upon the appeal or the motion to stay although trial is mandated to start on Monday, April 25, 2011.

As to applications for injunctive relief generally, the requesting party must demonstrate (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the restraining order is issued; (3) that the threatened injury outweighs the harm the restraining order might cause the opposing party; and (4) that the restraining order if issued will not adversely affect the public interest. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir.2001). If the party seeking the preliminary injunction can establish the last three factors listed above, then the first factor becomes less strict. Instead of showing a substantial likelihood of success, the party need only prove that there are questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *Id.* at 1246-47.[2] "Because a preliminary injunction is an extraordinary

---

[2] An argument exists that the modified success-on-the-merits factor has been called into question by the Supreme Court's decision in *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008). The Tenth Circuit has nevertheless referred to the modified factor in a post-*Winter* decision. *See RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1209 n.3 (10th Cir.2009).

remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir.2003)[3].

Based upon the present record, the court concludes that the third element for injunctive relief is satisfied. The threatened injury to petitioners clearly outweighs any harm (a delay in the trial) caused to respondents. The court further finds that the fourth element is satisfied. The requested injunction if issued would not adversely affect the public interest, inasmuch as a delay in discrete criminal trials could not conceivably do so.

The court pauses over the second element. In *Gilliam v. Foster,* 75 F.3d 881, 904 (4th Cir.1996), the Fourth Circuit stated that <u>ordinarily</u> "irreparable harm cannot be shown simply because a defendant will be subject to a single criminal prosecution." *See also Sweeten v. Sneddon,* 463 F.2d 713, 714-15 (10th Cir.1972). A petitioner may still demonstrate "some extraordinary circumstance that would make abstention inappropriate. . . ." *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982). The Supreme Court has intimated that a situation in which the trial court lacks jurisdiction may be such an extraordinary circumstance. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 508 (Rehnquist, J., dissenting)(citing cases). On this basis, this court finds the irreparable harm element satisfied as well[4].

---

[3] Pursuant to Rule 52(a)(2) F.R.Cv.P., the court is required to make findings of fact and conclusions of law. The court will not list such findings and conclusions numerically, but will seek to detail them within the body of this order.

[4] The discussion in this paragraph is in the context of the "*Younger* doctrine," which cautions against interference with ongoing <u>state</u> court proceedings. *See Younger v. Harris,* 401 U.S. 37 (1971). This doctrine is grounded in what the Supreme Court famously called "Our Federalism," i.e., the relationship and comity

At the hearing, this court denied the motion of the respondents to dismiss. The court briefly details its ruling. Respondents argued that petitioners do not meet the "detention" requirement for habeas relief under 25 U.S.C. §1303. In *Dry v. CFR Court,* 168 F.3d 1207, 1208 & n.1 (10th Cir.1999), the Tenth Circuit held that criminal defendants who had been released on their own recognizance pending trial by the Court of Indian Offenses for the Choctaw Nation were "detained" for habeas purposes. In the case at bar, petitioners also await trial and have been released on bond. This requirement is satisfied.

Respondents also assert that petitioners have failed to exhaust tribal remedies. "The Supreme Court, citing the promotion of tribal self-government and principles of comity (as opposed to a jurisdictional prerequisite) has required litigants to exhaust their tribal court remedies before a district court may evaluate the existence of a tribal court's jurisdiction." *Burrell v. Armijo,* 456 F.3d 1159, 1169 (10th Cir.2006). Here, petitioners have filed a motion for habeas corpus, an appeal, and a motion to stay with the tribal appellate court. That court has denied the habeas motion, and has not yet ruled on the other two. This court finds adequate exhaustion. In *Burlington N. R. Co. v. Red Wolf,* 106 F.3d 868 (9th Cir.1997), the court noted that plaintiff had applied to the tribal district court for a stay of execution on judgment and had been denied. Plaintiff had then appealed to the tribal court of appeals but the court had not yet ruled when the ten day automatic stay [pertinent to the case] expired. The Ninth Circuit said: "At that time, there was nothing Burlington Northern could do, no

---

between the federal government and the states. *Id.* at 44. By definition, federalism concerns do not exist when reviewing a tribal court proceeding.

relief which could be sought, in tribal court prior to levy of execution. Exhaustion was therefore complete at that time." *Id.* at 873. Rule 2(B) of the Muscogee (Creek) Nation Supreme Court Rules of Appellate Procedure (Exhibit 11 to the First Amended Petition) permits an appeal from the denial of a motion to dismiss, which is the type of appeal petitioners have pending[5].

Petitioners assert a violation of their due process rights protected (see 25 U.S.C. §1302(8)) by the Indian Civil Rights Act. This argument is largely based upon an internal tribal dispute, for example, whether the district court has been "abolished" and replaced by a new structure. This court declines to enter that thicket, which is beyond the mandate established by the federal habeas law. In another aspect of the argument, petitioners urge that the tribal district court and the tribal appellate court have not "followed their own rules" and relief should be granted on that basis. This court examined one case which arguably stands for such a general proposition, *Randall v. Yakima Nation Tribal Court,* 841 F.2d 897 (9th Cir.1988). In that case, however, petitioner's tribal appeal had been dismissed. This court finds that the conduct of the tribal courts to this point does not rise to the level of a due process violation.

Petitioners also contend that they are charged in tribal court under code provisions which were not laws of the Nation at the time the alleged criminal activities took place. On

---

[5] At the hearing, respondents also urged dismissal because, while petitioners' counsel had <u>signed</u> the petition, he had not <u>verified</u> it. This court may disregard such a flaw of form, and does so. *See Hem v. Maurer,* 458 F.3d 1185, 1201 n.6 (10th Cir.2006).

5

this basis, petitioners contend a violation of the ex post facto prohibition (25 U.S.C. §1302(9)) of the Indian Civil Rights Act has taken place. This court declines to grant relief on this ground. An ex post facto violation takes place when a statute "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood,* 497 U.S. 37, 42 (1990). Petitioners have failed to demonstrate that relief is appropriate on this ground. The evidence before the court is that the "new" statutes are a mere re-codification or re-numbering of previously existing law.

Therefore, the dispositive issue is the petitioners' challenge to tribal court jurisdiction. Petitioners assert that the alleged crimes occurred outside Indian country. The respondents contend the tribe possesses the authority to define Indian country. MCNCA Title 27 §1-102(C) (a tribal statute) states that criminal jurisdiction exists to prosecute "all Indians alleged to have committed an offense involving theft, misappropriation or misuse of Muscogee (Creek) Nation property or funds, regardless of the geographical location of any act or omission involved or resulting in such theft, misappropriation or misuse." Indian country is further defined by the tribe as "any property owned by Muscogee (Creek) Nation". MCNCA Title 27 §1-102(A)(3).

Petitioners argue that the tribe may not define Indian country for itself, but must be consistent with the definition in 18 U.S.C. §1151. Respondents counter that this argument

6

ignores the exception in 18 U.S.C. §1152 that §1152 shall not extend to crimes "involving One Indian against the property of person of another Indian." This court agrees with petitioners and will grant the preliminary injunction.

"Section 1152 makes federal enclave criminal law – a concrete body of law governing areas within the sole and exclusive jurisdiction of the United States – generally applicable to crimes committed in 'Indian country'. *See* 18 U.S.C. §1151 (defining 'Indian country')." *United States v. Bruce,* 394 F.3d 1215, 1218 (9th Cir.2005). Thus, the definition of Indian country is provided by federal statute, not the tribe. The exception in the second paragraph of §1152 is an exception from <u>federal</u> prosecution for intra-Indian offenses. This does not mean that all remaining jurisdiction reverts to the tribe. Rather, in this court's view, crimes committed by Native Americans outside the territorial boundaries of Indian country are subject to <u>state</u> criminal prosecution. *See DeMarrias v. South Dakota,* 319 F.2d 845 (8th Cir.1963).

Respondents cite, among other cases, *United States v. Wheeler,* 435 U.S. 313 (1978), which contains statements such as "It is undisputed that Indian tribes have power to enforce their criminal laws against tribe members." *Id.* at 322. Also, "[l]ike all sovereign bodies, they then had the inherent power to prescribe laws for their members and to punish infractions of those laws." *Id.* at 323. The person prosecuted in *Wheeler*, however, had been arrested on the Navajo Indian Reservation. *Id.* at 314. The conduct which formed the basis

for the prosecution had also occurred on the reservation, according to the federal indictment. *Id.* at 316 n.3. The issue before this court was not directly addressed.

In *United States v. Antelope,* 430 U.S. 641 (1977), the Supreme Court describes 18 U.S.C. §1153 as "a carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of the Indian tribes to punish Indians for crimes committed *on Indian land.*" *Id.* at 642-43 n.1. (emphasis added). In *Bruce,* the Ninth Circuit states that the exception in 18 U.S.C. §1152 "preserves the right of tribal courts to try offenses *committed in Indian country* by Indians against Indians . . . . " 394 F.3d at 1219 (emphasis added). *See also Nevada v. Hicks,* 533 U.S. 353, 365 (2001)("Sections 1152 and 1153 of Title 18, which give United States and tribal criminal law generally exclusive application, apply only to crimes committed *in Indian country* . . . .")(emphasis in original). This court is persuaded that the tribal court is proceeding without jurisdiction in the present prosecution[6].

---

[6] In this regard, the court is finding that petitioners have satisfied the first element for injunctive relief (substantial likelihood of success on the merits) and that they have done so without regard to the modified test employed by the Tenth Circuit and discussed above.

It is the Order of the Court that the emergency motion for temporary restraining order and preliminary injunction (#9) is hereby GRANTED. The motion of the respondents to dismiss (#22) is DENIED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that until such time as this order is vacated or modified, the respondents Patrick E. Moore, Roderich Wiemer and Marcy Moore are hereby restrained and prohibited from the commencement of the criminal trials against the petitioners presently scheduled on April 25, 2011.

**ORDERED THIS 22nd DAY OF APRIL, 2011.**

**Dated this 22nd day of April, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma