IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF FIFE, et al., | ) |
| | ) |
|       Petitioners, | ) |
| | ) |
| v. | )    Case No. CIV-11-133-RAW |
| | ) |
| PATRICK E. MOORE, et al., | ) |
| | ) |
|       Respondents. | ) |

## ORDER

On April 22, 2011 the court entered an order granting the petitioners' emergency motion for temporary restraining order and for preliminary injunction. The parties have filed briefs addressing the ultimate resolution of the case. The court now enters its ruling.

This is a petition for writ of habeas corpus pursuant to 25 U.S.C. §1303. With one exception, petitioners are members of the Muscogee (Creek) Nation ("the Nation"). Petitioners are charged in the District Court of the Nation for various theft-related crimes. The situs of the alleged crimes was fee land rather than trust land. Petitioners argued, among other grounds, that the tribal court lacks jurisdiction on that basis. This court relied solely upon that ground in granting injunctive relief.

In the subsequent briefing, petitioners again assert the argument that this court should find that respondents are not lawful officials of the Nation and that the Nation does not have a lawful court in which petitioners could be lawfully prosecuted. This court again declines to do so. As respondents note, the Tenth Circuit has stated that the Indian Civil Rights Act

was "directed primarily to the administration of justice by tribal authority rather than to tribal governmental structure. . . . " *McCurdy v. Steele*, 506 F.2d 653, 655 (10th Cir.1974).[1]

As to the jurisdictional issue, respondents in their supplemental briefing make a clear and forceful presentation that this court was incorrect in its ruling. Respondents correctly note that *United States v. Wheeler,* 435 U.S. 313 (1978) holds that Indian tribes retain inherent sovereignty to enforce their criminal laws against their own members. The Supreme Court does not acknowledge any exception to this principle. Respondents contend this is because there is no exception; petitioners respond that the issue of extraterritoriality was not before the Court and thus the question remains open.

As to this second aspect, respondents note that the Nation's statutes grant jurisdiction to the tribal court regarding crimes involving the Nation's funds "regardless of the geographical location of any specific act or omission involved or resulting in such theft, misappropriation or misuse." Title 27 MCNC §1-102 C. This jurisdiction is defined in §1-102 A. as including land owned by the Nation. Respondents then argue that the Nation, as a sovereign, has the authority to give its criminal statues extraterritorial effect, at least as to tribal members.

"[T]he criminal jurisdiction of the United States is in general based on the territorial principle, and criminal statutes of the United States are not by implication given an

---

[1] In their supplemental brief, petitioners do not repeat their argument that the Nation's laws under which they are charged constitute an *ex post facto* violation. In any event, this court stands on its previous ruling rejecting this argument.

2

extraterritorial effect." *United States v. Flores*, 289 U.S. 137, 155 (1933). A different conclusion may obtain if Congress has indicated an intent to apply the statute extraterritorially. *See EEOC v. Arabian Am. Oil Co.,* 499 U.S. 244, 248 (1991). Here, the tribal statute does express such an intent. The question is whether the analogy holds such that a tribe has the same authority as Congress to authorize extraterritorial jurisdiction.

Respondents may well be correct in their position. Nevertheless, this court has found a few scattered references (quite few and quite scattered) indicating that the present state of the law has been interpreted in the same manner as by this court. Under those circumstances, the court is persuaded it should stand on its previous ruling. It further seems clear that a question of jurisdiction should be resolved prior to a citizen (tribal member or not) being subjected to criminal process.[2] For the reasons set forth below, the court finds that petitioners have sustained their burden of proof and their petition for writ of habeas corpus should be granted.

The Eighth Circuit has cited *Wheeler* and *Talton v. Mayes,* 163 U.S. 376 (1896) (another decision cited by respondents) as standing for the proposition that "[a]n Indian tribe's power to punish members who commit crimes <u>within</u> <u>Indian</u> <u>country</u> is a fundamental attribute of the tribe's sovereignty." *Walker v. Rushing,* 898 F.2d 672, 674 (8th

---

[2] As this court noted in its April 22, 2011 order, the tribal appellate rules appear to recognize the same general principle, because they permit an appeal from the denial of a motion to dismiss. In the case at bar, however, the tribal appellate court had not (and evidently still has not) ruled on just such an appeal by these petitioners, and the accompanying motion to stay.

Cir.1990)(emphasis added). If respondents' argument is correct, the highlighted phrase is an excrescence. This court is not prepared to so hold.

LaFave's treatise on criminal law posits that "the states have general criminal jurisdiction over all persons, including Indians, regarding crimes committed within that state but outside of Indian country." W. LaFave, Substantive Criminal Law §4.5, text at n.56. (citing *Hagen v. Utah,* 510 U.S. 399 (1994)). Respondents' position, including as to extraterritoriality, would seem contrary to this principle. Further, "[b]asic federal Indian policy generally has favored separating Indians on their own lands that are designated as Indian country; therefore, preemption of state laws outside of Indian country has not been extensive." Cohen, Handbook of Federal Indian Law (1982 ed.) at 348.

Thus, under this view, "if a tribal member commits a crime outside Indian country, the state has jurisdiction." Sarah Krakoff, *A Narrative of Sovereignty: Illuminating the Paradox of the Domestic Dependent Nation,* 83 Or. L. Rev. 1109, 1186 (2004). *See also* Samantha A. Moppett, *Acknowledging America's First Sovereign: Incorporating Tribal Justice Systems into the Legal Research and Writing Curriculum,* 35 Okla. City U. L. Rev. 267 at n.229 (2010)("Tribal courts do not have jurisdiction over crimes that are not committed on Indian land." (citing Canby, American Indian Law in a Nutshell at 175 (4th ed.2004)).[3]

---

[3] The situs of the alleged crimes in this case is land owned by the Nation. Therefore, it may be said to be tribal land, but the parties do not dispute it is not within "Indian country" as defined by 18 U.S.C. §1151.

4

The issue briefed by the parties at the court's request is whether the preliminary injunction should be made permanent. Petitioners assert that such an action is unnecessary; rather, the court should grant the writ of habeas corpus and terminate the criminal case against petitioners. Because the basis of this court's ruling is lack of trial court jurisdiction, this court agrees. The court is mindful that both sides have already filed appeals to this court's entry of preliminary injunction, and will presumably appeal this order as well. To avoid the creation of a possible statute of limitation problem, therefore, the court will stay the order of dismissal.

It is the order of the court that the petition for writ of habeas corpus is hereby GRANTED on the basis that the tribal court lacks jurisdiction. The tribal court is directed to dismiss the pending indictment against the petitioners and to dissolve their release bond. The portion of this order directing that the indictment be dismissed is hereby stayed pending resolution of the federal appellate process.

**ORDERED THIS 8th DAY OF SEPTEMBER, 2011.**

**Dated this 8th day of September, 2011.**

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma